UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Luis MARQUEZ-Jimenez,**<br><br>Defendant | Magistrate Docket No.<br><br>**'08 MJ 1701**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **May 28, 2008** within the Southern District of California, defendant, **Luis MARQUEZ-Jimenez,** an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **30th** DAY OF **MAY, 2008**

_____
Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Luis MARQUEZ-Jimenez

## PROBABLE CAUSE STATEMENT

On May 28, 2008, Senior Patrol Agent R. Harden, was performing line watch duties near an area known as the "Whiskey 15." At approximately 11:35 A.M, Agent Harden noticed one individual walking north on the beach. This area is approximately 5 mile west of the San Ysidro, California, Port of Entry an approximately one hundred yards north of the United States / Mexico International Boundary Fence.

Agent Harden approached the individual and identified himself as a United States Border Patrol Agent. He then conducted an immigration inspection. The subject later identified as the defendant **Luis MARQUEZ-Jimenez**, admitted to being a citizen and national of Mexico without any immigration documents that would allow him to legally enter or remain in the United States. Agent Harden arrested the defendant and transported him to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on June 17, 2003** through **Laredo, Texas.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Warnings and was willing to make a statement without an attorney present. The defendant stated that he illegally crossed the U.S. / Mexico International Border without proper documentation to be in the United States legally. The defendant further stated that he had not requested permission from the Attorney General to re-enter the United States. The defendant said he was heading to Santa, Barbara, California.